**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JONATHAN DIAZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE TRUSTEES OF SMITH COLLEGE d/b/a SMITH COLLEGE,<br><br>    Defendant. | Civil Action No. 1:26-cv-12246<br><br>REMOVED FROM THE SUPERIOR COURT OF HAMPDEN COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>CASE NO. 2679CV00197 |

**NOTICE OF REMOVAL**

Pursuant to Title 28 U.S.C. §§ 1331, 1441, and 1446 and Local Rule of Civil Procedure 81.1 of the United States District Court for the District of Massachusetts, Defendant, The Trustees of Smith College d/b/a Smith College ("Smith" or "Defendant"), hereby files this Notice of Removal with respect to the above-captioned case, *Jonathan Diaz v. The Trustees of Smith College d/b/a Smith College*, which is currently pending in the Superior Court of Hampden County, Civil Action No. 2679CV00197.

In support of this Notice of Removal, Smith states:

**PROCEEDINGS IN STATE COURT**

1.     On March 26, 2026, Plaintiff Jonathan Diaz ("Diaz" or "Plaintiff") filed a class action complaint (hereinafter the "Complaint") in the Superior Court of Massachusetts, Hampden County, captioned *Jonathan Diaz v. The Trustees of Smith College d/b/a Smith College*, Docket No. 2679CV00197 (the "State Court Action").

2.     The Complaint was served on Smith on April 27, 2026.  A copy of all "process, pleadings and orders" received by Defendant in the state court action is attached as attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

3.      In the Complaint, Diaz alleges that Smith violated the Massachusetts Wage Act, M.G.L. c. 149, § 148 (the "Wage Act") by failing to pay employees for their unused "personal time" upon separation from employment.  Compl. ¶ 4.

4.      Specifically, Diaz alleges that he was employed by Smith from October 2019 until November 10, 2025; that at the beginning of every year he received 4 paid personal days; that there were no restrictions on the purpose for which he could use personal time; and that his unused personal time was not paid out at the end of his employment. Compl.  ¶¶ 13-17, 20-22, . Diaz further alleges that Smith's practice of not paying out personal time at the end of employment is unlawful because personal time is a wage under the Wage Act. *Id.* ¶ 22. Diaz brings this action on behalf of himself and a purported class of similarly situated former Smith employees. *Id.* ¶¶ 27-28.

5.      Diaz was a member of the Local 263, Service Employees Internation Union AFL - CIO ("Local 263" or the "Union").  *See* Declaration of Matthew Martindell (Martindell Dec.); Exhibit 1 (Collective Bargaining Agreement) and Exhibit 2 (Smith College Union Dues Payroll Deduction Authorization) to Martindell Dec.  In that capacity, the terms of his employment, including his eligibility and use of personal days, is subject to a collective bargaining agreement between Defendant and the Union.

## TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely because it is filed within 30 days of the service on Smith on April 27, 2026. 28 U.S.C. § 1446(b)(3); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## JURISDICTION

7.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8.    Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.    Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In his Complaint, Diaz alleges that Smith deprived him of wages by withholding payment of unused personal time at the termination of his employment. Compl. at ¶ 22.

10.    Although the presence or absence of federal question jurisdiction generally is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, the doctrine of complete preemption exists as an "independent corollary to the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this doctrine, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983), such that "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

11.    Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, has been held to possess this preemptive force.  *See Franchise Tax Bd.*, 463 U.S. at 23.  Thus, "[i]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).  Substantive federal principles permit removal under federal question

3

jurisdiction where at least one of a plaintiff's claims is preempted by § 301. *Id.* at 406, n.5; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). In the First Circuit, "[i]t is well-established that § 301 completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement." *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 10 (1st Cir. 1995).

12.     Thus, state law wage and hour claims are preempted if their resolution depends on the analysis of the terms of the collective bargaining agreement. *See Rose v. RTN Fed. Credit Union,* 1 F.4th 56, 62 (1st Cir. 2021) (affirming denial of motion to remand because "any claim that entails a court 'determining what (if anything) is owed' to an employee who is within a bargaining unit will almost always 'depend[ ] at least arguably on interpretations and applications of the collective bargaining agreement at issue'"); *Mitchell v. Globe Newspaper Co.*, 602 F. Supp. 2d 258, 259 (D. Mass. 2009) (holding that Wage Act claim alleging failure to compensate employees for earned vacation pay was preempted by § 301 because the claim was dependent on the vacation pay provision in the collective bargaining agreement); *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 62 (1st Cir. 2016) (affirming the dismissal of employees' Wage Act claims because the claims plausibly would require interpretation of the collective bargaining agreement).

13.     Here, Diaz was a member of a bargaining unit whose terms and conditions of employment are governed by a collective bargaining agreement (the "CBA") between Smith and Local 263, Martindell Dec., Exhibit 1.

14.     The CBA establishes the terms and conditions for the granting, proration, and use of personal time for Union-represented employees:

- The CBA establishes several different types of paid leave, including vacation, personal days and sick time.

- The CBA includes language about how personal time is acquired and prorated.

- Personal time can be used for personal or family emergencies.

- The CBA states that "[p]ersonal days must be taken as a day off from work in the fiscal year and will not be paid in cash wages and may not be carried forward from year to year."

15.     The CBA includes a grievance and arbitration provision which provides for the resolution of disputes relating to the interpretation of terms in the CBA.

16.     Accordingly, Diaz's claim that Smith failed to pay out unused personal time upon his termination cannot be resolved without interpreting the CBA. Because the underlying issues raised by Diaz's Wage Act claim require an interpretation of a labor agreement, Diaz's claim is preempted by § 301. As a result, this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.

17.     Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441.

## VENUE AND NOTICE

18.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Hampden Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action.  28 U.S.C. § 1441(a).

19.     Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Hampden Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as Exhibit B.

## CONCLUSION

20.     Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

21.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

22.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant request that the above-described action pending against them be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which they are entitled.

6

DATED: May 18, 2026                         Respectfully submitted,

                                            By Its Attorneys,


                                            By: */s/ Robert A. Fisher*
                                            Robert A. Fisher (BBO# 643797)
                                            rfisher@seyfarth.com
                                            Alison H. Silveira (BBO# 666814)
                                            asilveira@seyfarth.com
                                            Nicole Ricker (BBO# 713593)
                                            nricker@seyfarth.com
                                            SEYFARTH SHAW LLP
                                            Seaport East
                                            Two Seaport Lane, Suite 1200
                                            Boston, Massachusetts 02210-2028
                                            Telephone:    (617) 946-4800
                                            Facsimile:    (617) 946-4801


## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, a true copy of the forgoing document was electronically filed through the Court's ECF system. Paper and electronic copies were served on the plaintiff as follows:

Francis J. Bingham                          Raymond Dinsmore, Esq
Francis.bingham@binghamhopkins.com          rdinsmore@hayberlawfirm.com
Bingham Hopkins LLC                         Ryan B. Guers, Esq.
20 University Road, Suite 500               rguers@hayberlawfirm.com
Cambridge, MA 02138                         Hayber, McKenna, & Dinsmore, LLC
                                            One Monarch Place, Suite 1340
                                            Springfield, MA 01144


                                            */s/ Robert A. Fisher*
                                            Robert A. Fisher

7