# EXHIBIT D

**An Advisory from the Attorney General's Fair Labor Division on
Vacation Policies**

Pursuant to M.G.L. c. 23, s. 1(b), the Attorney General issues the following advisory:

**Vacation Payments Are Wages**

Employers who choose to provide paid vacation to their employees must treat those payments like any other wages under M.G.L. c. 149, s. 148. See Massachusetts v. Morash, 490 U.S. 107 (1989). Like wages, the vacation time promised to an employee is compensation for services which vests as the employee's services are rendered. Upon separation from employment, employees must be compensated by their employers for vacation time earned "under an oral or written agreement." M.G.L. c. 149, s. 148. Withholding vacation payments is the equivalent of withholding wages and, as such, is illegal.

Employers may establish the terms of employment and determine the hourly rate or salary to be paid as well as how many hours the employee is expected to work. Employers may likewise establish the amount of paid vacation the employee will receive and/or a specific time of the year when the employee can take a vacation, depending on the needs or demands of the business. Employers may establish procedures regarding the scheduling of vacations; i.e., whether employees must notify the employers as to their intent to take vacation, when they intend to take it, and how much vacation time they plan to take.

**No Forfeiture of Earned Vacation Time**

General Laws c. 149, s. 148, provides that no employer shall "by special contract with an employee or by any other means exempt himself" or herself from the statute or from its penalty provision in Section 150. Since the statute provides for the timely payment of all wages earned, an employer may not enter into an agreement with an employee under which the employee forfeits earned wages, including vacation payments. Examples of these agreements are vacation policies that condition the payment of vacation time on continuous employment or that require that employees provide notices to quit. Employees who have performed work and leave or are fired, whether for cause or not, are entitled to pay for all the time worked up to the termination of their employment, including any earned, unused vacation time payments.

Generally, time earned under any vacation policy need be compensated only with the equivalent time off. The exception is where an employee separates from employment or where an employee agrees to receive monetary compensation in lieu of vacation time.

**Accrual of Vacation**

An employer may cap the amount of vacation time that an employee may accrue or earn. For example, an employer may state that after accruing a total of four weeks of vacation leave, the employee will cease to earn any additional vacation time until the employee uses some of the accumulated vacation time. Thus, the employee would not earn additional vacation time until the employee's total vacation time falls below four weeks. While the employee retains all earned vacation leave, the employer is permitted to cap, prospectively, the amount of vacation time or pay which it must provide to the employee.

An acceptable variation of an accrual cap is the vacation policy known as "use it or lose it."  Under this policy, employees must use all of their accumulated vacation time by a certain period of time or lose all or part of it.  Some policies allow the employees to "carry over" a certain number of hours of vacation after the expiration of the designated time period.  The "use it or lose it" policy effectuates a cap on accrual by limiting the total amount of vacation time that an employee may accrue during the term of their employment.  Under such policies, the employer must provide adequate prior notice of the policy to employees and must ensure that employees have a reasonable opportunity to use the accumulated vacation time within the time limits established by the employer.  Otherwise, a cap on accrual or a "use it or lose it" policy may result in an illegal forfeiture of earned wages.

**Pro-rating Vacation Pay**

Employers can protect themselves by adopting clear and unambiguous vacation policies.  For example, an employer may provide that employees begin to earn vacation time after a specific probationary period, such as after six months of employment.  Another example of an unambiguous policy is one that provides that an employee earns vacation time at a rate of one day at the end of each month.

However, a policy that provides for employees to earn a given amount of vacation "a year," "per year," "on their anniversary date," or "every six months" is not clear because the definitions of the time periods are imprecise and subject to confusion concerning their start and end dates.  Where an employer's policy is ambiguous, the actual time earned by the employee will be pro-rated according to the time period in which the employee actually works.  For example, if an employee is to receive twelve vacation days "in a year," and the employee voluntarily or involuntarily terminates his or her employment after ten months of employment, the employee would be entitled to ten vacation days or one day per month worked.  Discharge prior to one year without pro rata payment constitutes failure to pay wages earned under Section 148.

**Annual Leave**

Some employers combine sick leave, personal leave, vacation leave, and/or other types of leave into one general category called "annual leave."  This combined leave is also called paid time off, earned time, or paid days off.  Employers who provide annual leave instead of vacation leave should designate the amount of hours or days of the leave which are considered vacation time.  Employers who have previously designated vacation time in this manner, whether orally or in writing, shall produce proof of such designation to rebut a complaint of unpaid wages pursuant to M.G.L. c. 149, s. 148.

**All Amendments to Vacation Policies Apply Prospectively**

As is the case with any condition of employment affecting wages, employers may amend the terms of their vacation policies at any time.  Any such amendment, however, must be prospective in nature.

We urge employers to give employees copies of their written vacation policy in advance and to have each employee acknowledge in writing his or her understanding of the policy.